AARON STEIN, Plaintiff in Error, *v.* ANDERES SCHULTZ *et al.*, Defendants in Error.

### ERROR TO GREENE.

Where a petition for a mechanics' lien states that the work was to have been done for a certain price, and by a certain day, and the proof shows an entirely different price and day, the decree will be reversed.

SCHULTZ filed his petition to enforce a mechanics' lien for building a barn for Stein. The contract alleged in petition is as follows, to wit: " That by the terms of said contract, said Stein was to furnish all the materials for said building, and your petitioner was to put up the same for the sum of one hundred and eighty-five dollars. One hundred and twenty-four dollars of said sum to be paid on the first day of January, A. D. 1858. The balance to be paid in cash." Petition then alleges completion of barn—admits the payment by Stein of " the sum agreed to be paid in cash," and alleges that Stein, for " the balance for said work," executed to Schultz a note for the sum of $124, " bearing date the sixth day of January, A. D. 1857, which said sixth day of January, A. D. 1857, was the time when said work was to be completed." Petition then alleges, that " said Stein has failed to pay your petitioner said sum of money, or any part thereof."

Stein moved the court to dismiss the petition, on account of variance between the contract alleged and the contract proven, and for other reasons apparent upon the record and the evidence, which motion the court overruled, and Stein excepted.

The court rendered a decree that " the complainant recover of defendant, Stein, the sum of one hundred and twenty-six dollars, and seventy cents, together with his costs herein," and that unless said money be paid within ninety days from date of decree, that the real estate described in petition be sold to satisfy the same. To the rendition of which decree plaintiff in error excepted.

The errors assigned are: That the court erred in not dismissing the petition on account of the variance between the contract alleged and the contract proven; in receiving and acting upon the note as evidence, notwithstanding the variance between said note and the note set out in the petition; and in rendering said decree—said decree being contrary to law and evidence.

KNAPP & CASE, for Plaintiff in Error.

STUART & EDWARDS, for Defendants in Error.

CATON, C. J. This was a petition for a mechanics' lien, under our statute. The petition avers that by virtue of a contract between the parties, the complainant was to build for the defendant a barn, for one hundred and eighty-five dollars, and that the work was to be completed by the sixth day of January, 1857. The proof shows, beyond all controversy, that the price fixed by the contract for building the barn, was one hundred and

twenty-five dollars. This was a fatal variance between the contract on which the suit was brought, and the one shown by the proof on the trial.

There was another fatal variance between the contract set up in the petition, and the one in proof. By the first the barn was to be completed by the 6th of January, 1857, while the proof was, that it should be completed by the 1st of March, 1857.

The decree of the Circuit Court must be reversed, and the suit remanded.

*Decree reversed.*